# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2026

Lyle W. Cayce
Clerk

———————————

No. 24-50360
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Derrick Keon Jones,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-211-1

———————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Derrick Keon Jones appeals his conviction for possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) violates the Commerce Clause and the Second Amendment, both on its face and as applied to him, in light of the test set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Because he

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50360

properly preserved them, we review Jones's claims de novo. *See United States v. Diaz*, 116 F.4th 458, 462 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). Jones asserts that § 922(g)(1) is unconstitutional as applied to him because disarming him based on his prior Texas conviction for possession with intent to deliver a controlled substance does not fit within the country's historical tradition of regulating firearms. This circuit has recently upheld the application of § 922(g)(1) to disarm a felon previously convicted of a drug trafficking offense. *United States v. Kimble*, 142 F.4th 308, 309-10, 317-18 (5th Cir. 2025), *petition for cert. filed* (U.S. Sept. 24, 2025) (No. 25-5747). *Kimble* controls this case, and Jones's claim fails.

As to his facial constitutional challenge to § 922(g)(1) under the Second Amendment and his argument that § 922(g)(1) violates the Commerce Clause, Jones correctly concedes that those arguments are foreclosed by our precedent. *See Diaz*, 116 F.4th at 462, 471-72; *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

Accordingly, the judgment of the district court is AFFIRMED.

2